

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00826-CR

Taylor M. **MOSER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 4960
Honorable N. Keith Williams, Judge Presiding

### OPINION ON MOTION FOR REHEARING

Opinion by:     Karen Angelini, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Karen Angelini, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  September 28, 2016

AFFIRMED; MOTION FOR REHEARING DENIED

On August 10, 2016, we issued an opinion affirming the trial court's judgment. Appellant Taylor M. Moser then filed a motion for rehearing. We deny the motion for rehearing; however, to clarify our opinion, we withdraw our opinion and judgment, and substitute this opinion and judgment in their place.

This appeal arises out of the trial court's denial of Moser's motions to suppress evidence. Moser filed three separate motions to suppress in the trial court. The first motion sought

suppression of his arrest. The second motion sought suppression of the results of a blood test taken at the direction of the Texas Department of Public Safety. The third motion sought suppression of results of any blood tests performed at the hospital. On appeal, Moser brought three points of error:

(1) The trial court erred in denying his motions to suppress the results of the warrantless, nonconsensual blood tests because the admission of such results violates his rights under the Fourth Amendment to the Constitution pursuant to *Missouri v. McNeely*, 133 S. Ct. 1552 (2013).

(2) The trial court erred in denying his motion to suppress his arrest because the arresting officer lacked probable cause to arrest him for intoxication manslaughter, and therefore all evidence gathered after his arrest should be suppressed.

(3) The trial court erred in denying his motions to suppress the results of the warrantless, nonconsensual blood tests because the arresting officer had no reasonable belief as required by section 724.012(b) of the Texas Transportation Code that the accident resulting in death was caused by intoxication.

On April 29, 2015, we issued an opinion holding that with respect to Moser's second point of error, the arresting officer did have probable cause to arrest Moser for intoxication manslaughter. *Moser v. State*, No. 04-13-00826-CR, 2015 WL 1938865, at *5 (Tex. App.—San Antonio 2015), *rev'd on other grounds*, 2016 WL 325435 (Tex. Crim. App. Jan. 27, 2016). Therefore, we concluded the trial court did not err in denying Moser's motion to suppress his arrest. *Id.* However, with respect to Moser's first point of error, we held that the trial court should have granted his motions to suppress the blood test results because his constitutional rights were violated pursuant to *Missouri v. McNeely*, 133 S. Ct. 1552 (2013). *See Moser*, 2015 WL 1938865, at *4. Having held that Moser's blood tests results should have been suppressed pursuant to *McNeely*, we noted that we did not need to address Moser's third point of error. *Moser*, 2015 WL 1938865, at *4 n.1.

The State then filed a petition for discretionary review, arguing that this court erred in sustaining Moser's first point of error regarding *McNeely*.[1] The State brought four separate grounds:

(1) Is a challenge to a warrantless, mandatory blood draw based on *Missouri v. McNeely* preserved for appellate review when Appellant did not raise it in a motion to suppress or at the suppression hearing?

(2) Is a warrantless, mandatory blood draw conducted pursuant to section 724.012(b)(1)(A)–the resulting death provision–reasonable under the Fourth Amendment?

(3) Do the federal and state exclusionary rules require suppression when, at the time of the search, the warrantless blood draw was authorized by section 724.012(b)(1)(A) and binding case law?

(4) Did exigency justify the warrantless draw when the trooper knew the fatal accident occurred more than two hours before he met with Appellant and he had first investigated the scene, and did the lower court err in failing to consider exigency a basis to uphold the trial court's refusal to suppress?[2]

On January 27, 2016, the Texas Court of Criminal Appeals vacated our judgment and remanded the cause to this court so that we could "address (1) whether appellant preserved his claim that the warrantless blood draw, taken pursuant to Texas Transportation Code section 724.012(b)(3)(B),[3] violated his Fourth Amendment rights" (ground 1 of the State's PDR), and "if so, then (2) whether exigent circumstances existed [that] justified the warrantless blood draw" (ground 4 of the State's PDR). *Moser v. State*, No. PD-0662-15, 2016 WL 325435, at *2 (Tex. Crim. App. Jan. 27, 2016) (per curiam).

In ground (1) of its petition for discretionary review, the State argued that this court in our first opinion erred in failing to address whether Moser preserved error before addressing, and

---

[1]Neither party sought review of this court's holding on Moser's second point of error – that the arresting officer had probable cause to arrest Moser and therefore the trial court did not err in denying his motion to suppress his arrest.
[2]Neither preservation of error nor exigency were raised by the State in its appellate brief filed in this court.
[3]We note that Moser's blood draw was taken pursuant to section 724.012(b)(1)(A), not section 724.012(b)(3)(B). This appears to be a typographical error in the opinion by the court of criminal appeals.

reversing on, the merits of Moser's first point of error regarding *McNeely*. According to the State, Moser failed to preserve error because his "motions to suppress and his arguments at the suppression hearing never challenged the validity of the draw mandated by Transportation Code section 724.012(b)(1)(A) based upon *Missouri v. McNeely*, 133 S. Ct. 1552 (2013)." *Moser*, 2016 WL 325435, at *2. The court of criminal appeals in its *Moser* opinion noted that at the suppression hearing, "defense counsel summarized their argument as follows: 'It's our position that [the trooper] did not have probable cause to arrest Mr. Moser on the night in question and that's because he didn't have probable cause to arrest him under 724.012 of the . . . Texas Transportation Code, that a mandatory specimen was basically illegal, so the results of that blood test that was taken by [the trooper] should be suppressed.'" *Moser*, 2016 WL 325435, at *1 (alterations in original). The court of criminal appeals further noted that defense counsel "stated that the three motions were essentially combined and all turned upon whether there had been probable cause to arrest: 'If he didn't have probable cause to arrest, then it's our position the blood test should be suppressed.'" *Id.* The court of criminal appeals explained that the State then argued "application of section 724.012 justified the warrantless blood draw" and defense counsel "responded by arguing that even if 724.012 allows a warrantless blood draw, there must still be probable cause to arrest, and here there was not probable cause." *Moser*, 2016 WL 325435, at *1. In ground 1 of its petition for discretionary review, the State argued that none of these arguments brought in the trial court specifically raised Moser's *McNeely* argument. *See Moser*, 2016 WL 325435, at *1. In directing us to decide ground 1 by the State, the court of criminal appeals pointed this court to its recent opinion *Douds v. State*, 472 S.W.3d 670 (Tex. Crim. App. 2015), *cert. denied*, 136 S. Ct. 1461 (2016).

In *Douds*, 472 S.W.3d at 671, the court of criminal appeals considered whether the appellant had preserved his argument that section 724.012 resulted in the warrantless seizure of

- 4 -

his blood in violation of the Fourth Amendment, as interpreted by the Supreme Court in *McNeely*. In the opening paragraph of *Douds*, the court of criminal appeals emphasized that "isolated statements globally asserting that a blood draw was conducted without a warrant" are not sufficient to preserve error. *Douds*, 472 S.W.3d at 670-71.

The appellant in *Douds* filed two motions to suppress. In his first motion, entitled "Motion to Suppress Blood Test," appellant asserted that "he was arrested and searched without a valid warrant, reasonable suspicion, or probable cause," and "further alleged that his blood had been obtained in violation of the terms of the mandatory-blood-draw statute." *Douds*, 472 S.W.3d at 671. His second motion, entitled "Motion to Suppress Test, Videotape, and Statements," "asserted that he was seized without any reasonable suspicion that he was engaged in criminal activity." *Id.* at 672.

The court of criminal appeals emphasized that at the suppression hearing, appellant "expressly told the trial court that he was limiting his second motion to a complaint about the admission of his oral statements." *Id.* The court of criminal appeals explained that with respect to the appellant's first motion, "the parties focused on whether [the arresting officer] was reasonable in believing that [the passenger of the vehicle] was injured and had been transported for medical treatment as a result of the accident and on whether that evidence met the statutory requirements for a mandatory blood draw." *Id.* at 673. The trial court denied both motions to suppress. *Id.* The appellant then pled guilty to a reduced charge pursuant to a plea-bargain agreement. *Id.*

On appeal to the Fourteenth Court of Appeals, the court, sitting en banc, held that the motions to suppress "should have been granted because the State did not prove an exception to the Fourth Amendment's rule that a warrantless search or seizure is *per se* unreasonable." *Douds v. State*, 434 S.W.3d 842, 847-48 (Tex. App.—Houston [14th Dist.] 2014), *rev'd*, 472 S.W.3d 670 (Tex. Crim. App. 2015). The Fourteenth Court of Appeals held that the appellant had preserved

his Fourth Amendment challenge. *Id.* at 849. It noted that the appellant had satisfied his initial burden of producing evidence to rebut the presumption of proper police conduct by establishing that the search occurred without a warrant, and that it then became the State's burden to prove that the search and seizure was reasonable. *Id.* Having decided the appellant's complaint was preserved, the Fourteenth Court of Appeals held that a warrant was required for a blood draw in a DWI case or that an exception to the warrant requirement had to be shown by the facts. *Id.* at 848. The State then filed a petition for discretionary review.

Granting the State's petition, the court of criminal appeals addressed whether appellant had preserved his Fourth Amendment complaint. According to the court of criminal appeals, because appellant's counsel made statements limiting the scope of his second motion to suppress "to his complaint about the admission of oral statements," with respect to this second motion, only attacks about the admission of oral statements were preserved for appellate review. *Douds*, 472 S.W.3d at 674. "Because appellant expressly stated at the end of the evidentiary hearing that he was narrowing his second motion to his complaint about the admission of oral statements, we must address only whether his first motion apprised the trial court of the complaint he presents in this appeal." *Id.* With respect to appellant's first motion to suppress, the court of criminal appeals explained,

> To the extent that appellant's first written motion, viewed in isolation, could be construed as also having presented a Fourth Amendment complaint based on [the arresting officer]'s failure to secure a search warrant prior to collecting a blood specimen, the motion, when viewed in the context of the entire record, reasonably shows that the trial court was fairly apprised solely of appellant's argument that the requirements of the mandatory-blood-draw statute had not been met by the officer's testimony describing the passenger's injuries.

*Id.* The court of criminal appeals concluded that "[v]iewing appellant's arguments in their entirety, we conclude that they can be fairly characterized as presenting a challenge to the admissibility of

the blood evidence only on the basis of [the arresting officer]'s application of the mandatory-blood-draw statute to appellant's case." *Id.* at 676.

> Appellant's counsel's questions and arguments at the [suppression] hearing were devoted solely to establishing that the statutory requirements for a mandatory blood draw had not been met. Furthermore, to the extent that appellant mentioned Fourth Amendment principles at all during the hearing, it was for the sole purpose of asserting that, in light of those principles, the statute must be narrowly construed. Given this persistent emphasis on the statutory violation, nothing about appellant's counsel's arguments indicated that appellant was further challenging the constitutionality of the search based on the fact that it had been conducted without a warrant. Neither appellant's nor the State's counsel addressed the necessity of obtaining a warrant prior to the mandatory blood draw, nor was [the arresting officer] asked to provide any testimony regarding the procedures for requesting a warrant during nighttime hours, his rationale for not obtaining a warrant, or whether obtaining a warrant would have been feasible under the circumstances. . . . The arguments contained in appellant's trial brief[4] further reflect the narrow scope of his complaint as being limited to alleging a violation of section 724.012. In particular, appellant's brief appears to concede that the mandatory-blood-draw statute constitutes a valid abrogation of the Fourth Amendment that would permit a warrantless search under the appropriate circumstances as defined by the statute; his sole contention was that those circumstances did not exist in his case. Given this implicit concession by appellant that the statute effectively constitutes a valid exception to the warrant requirement, the only real question for the trial court to resolve was whether the statutory terms applied to appellant's case. If they did, as the trial court concluded, then neither a statutory nor a constitutional violation had occurred. In light of appellant's concession as to the validity of a search properly conducted pursuant to the statutory terms, his arguments would not have fairly placed the trial court on notice of any argument that an officer acting pursuant to the statute's authority is additionally required by the Fourth Amendment to obtain a warrant prior to conducting a blood draw.

*Id.* at 676-77.

---

[4] After the suppression hearing, the defendant filed a trial brief in the trial court. This is not referring to his appellate brief.

The court of criminal appeals thus concluded that "appellant failed to preserve error with respect to his Fourth Amendment complaint that the blood evidence was subject to suppression on the basis that it was obtained without a warrant." *Id.* at 677.

As in *Douds*, at the time of the suppression hearing in this case, *McNeely* had not been issued by the Supreme Court. At the suppression hearing, Moser's counsel limited his argument to (1) whether there was probable cause to arrest Moser based on the facts the arresting officer knew at the time;[5] and (2) whether the statutory requirements of section 724.012(b) had been met so that a mandatory blood draw could be taken. As in *Douds*, all parties in the case were operating under the belief that if the requirements of section 724.012(b) had been met, the taking of the blood specimen would be constitutional under former case law. Thus, as a preliminary matter, the trial court considered whether there was probable cause to arrest Moser for intoxication manslaughter, and as a secondary matter, the trial court considered whether the requirements of section 724.012(b) had been met. The trial court was never asked to consider whether section 724.012(b) constituted a valid exception to the Fourth Amendment's warrant requirement. Therefore, in applying *Douds* to the facts of this case, we are constrained to hold that Moser did not preserve his first point of error for appellate review.[6]

Because this court in the original *Moser* opinion determined that Moser's second point of error should be overruled because the arresting officer had probable cause to arrest Moser for intoxication manslaughter and because this court has now in this opinion determined that Moser did not preserve his first point of error, we must now consider Moser's third point of error: whether

---

[5] As noted previously, this court in the original *Moser* opinion overruled Moser's second point of error and held that the arresting officer did have probable cause to arrest him for intoxication manslaughter. *Moser*, 2015 WL 1938865, at *5.

[6] Having determined that Moser did not preserve his complaint, we need not address ground (2) of the State's petition for discretionary review.

his blood test results should have been suppressed because the arresting officer could not have reasonably believed that the accident resulting in death was caused by intoxication as required by section 724.012(b) of the Texas Transportation Code. For the same reasons that the arresting officer had probable cause to arrest Moser for intoxication manslaughter, he also could reasonably believe that the accident resulting in death was caused by intoxication. *See Moser*, 2015 WL 1938865, at *4-5; *see also* TEX. TRANS. CODE ANN. § 724.012(b)(1)(A) (West 2011) (requiring that "the officer reasonably believes" the suspect was the operator of a motor vehicle involved in an accident that occurred as a result of an intoxication offense and that as a direct result of the accident any individual has or will die). Therefore, the trial court did not err in denying Moser's motions to suppress the blood test results based upon a violation of section 724.012(b)(1)(A).

For the reasons stated above, we affirm the judgment of the trial court.

Karen Angelini, Justice

Do not publish